IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Antwane Johnson**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**American Home Shield of Virginia, Inc.**,<br><br>Defendant. | No. 1:24-cv-02339-AJT-IDD<br><br>**CLASS ACTION** |

### DEFENDANT AMERICAN HOME SHIELD OF VIRGINIA INC.'S FIRST AMENDED ANSWER TO PLAINTIFF ANTWANE JOHNSON'S CLASS ACTION COMPLAINT

Defendant American Home Shield of Virginia, Inc. ("Defendant" or "AHS"), by and through its undersigned counsel, answers Plaintiff Antwane Johnson's ("Plaintiff") Class Action Complaint (the "Complaint") as follows:

Defendant denies any and all liability under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as it did not call Plaintiff's mobile telephone number or otherwise contact Plaintiff as alleged in the Complaint.

Defendant further denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably flow from the admitted facts. In addition, Defendant denies any averments in the headings, subheadings, and, unless otherwise noted, footnotes of the Complaint. Defendant denies that Plaintiff or any putative class is entitled to the relief requested in the Complaint or any other relief.

## As to "Preliminary Statement"

1. Paragraph 1 purports to reference the Telephone Consumer Protection Act of 1991, the text of which speaks for itself. To the extent any further response is required, Defendant denies any characterization of this statute by Plaintiff.

2. Paragraph 2 purports to reference the Telephone Consumer Protection Act of 1991 and a Fourth Circuit decision, the text of which speak for themselves. To the extent any further response is required, Defendant denies any characterization of the Act and Fourth Circuit decision by Plaintiff.

3. Paragraph 3 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 3 and further denies that Plaintiff or any putative class is entitled to any of the relief requested, or to any other relief.

4. Paragraph 4 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 4 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief. Defendant further denies that it engaged in any "telemarketing" under the TCPA with regard to Plaintiff as it did not contact Plaintiff or make the alleged calls in this case.

## As to "Parties"

5. Defendant lacks information sufficient to admit or deny the allegation contained in Paragraph 5 and therefore denies the allegation on that basis.

6. Defendant admits that it is a Virginia registered corporation.

## As to "Jurisdiction & Venue"

7. Paragraph 7 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

8. Paragraph 8 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

9. Paragraph 9 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

## As to "The Telephone Consumer Protection Act"

10. Paragraph 10 purports to reference the Telephone Consumer Protection Act of 1991, the text of which speaks for itself. To the extent any further response is required, Defendant denies any characterization of this statute by Plaintiff.

## As to "The National Do Not Call Registry"

11. Paragraph 11 purports to reference the Telephone Consumer Protection Act of 1991, the text of which speaks for itself. To the extent any further response is required, Defendant denies any characterization of this Act by Plaintiff.

12. Paragraph 12 purports to reference the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, the contents of which speak for themselves. To the extent any further response is required, Defendant denies any characterization of those rules and regulations by Plaintiff.

13.     Paragraph 13 purports to reference the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, the contents of which speak for themselves. To the extent any further response is required, Defendant denies any characterization of those rules and regulations by Plaintiff.

14.     Paragraph 14 purports to reference the Telephone Consumer Protection Act of 1991 and the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, the contents of which speak for themselves. To the extent any further response is required, Defendant denies any characterization of that Act and those rules and regulations by Plaintiff.

### As to "Factual Allegations"

15.     Defendant admits that it sells residential home repair service agreements to consumers who are located in the State of Virginia. Defendant otherwise denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Paragraph 17 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 17, and further denies making any calls to Plaintiff.

### As to "Call to Mr. Johnson"

18.     Paragraph 18 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant lacks information sufficient to admit or deny the allegation contained in Paragraph 18 and therefore denies the allegation on that basis.

19.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 19 and therefore denies the allegations on that basis.

20.     Defendant denies the allegations contained in Paragraph 20.

21.  Defendant denies the allegations contained in Paragraph 21.

22.  Defendant denies the allegations contained in Paragraph 22.

23.  Defendant admits that certain of its products provide certain types of coverage for certain appliances, for customers who are located in the State of Virginia. Except as expressly admitted, Defendant denies all of the remaining allegations contained in Paragraph 23.

24.  Paragraph 24 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 24, and further denies making any telemarketing calls, and further denies making any calls without consent.

### As to "Class Action Statement"

25.  Paragraph 25 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 25.

26.  Paragraph 26 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 26.

27.  Paragraph 27 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 27.

### As to "Numerosity"

28.  Paragraph 28 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 28 and further denies that Plaintiff or any putative class is entitled to any of the relief requested

or to any other relief, and further denies that class treatment is appropriate. At the appropriate time, Defendant will either oppose any motion to certify a class, or bring a motion to strike the class allegations on the grounds that the requirements for class treatment have not been satisfied.

29. Paragraph 29 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 29.

30. Paragraph 30 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 30.

31. Paragraph 31 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 31.

### As to "Commonality"

32. Paragraph 32 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 32 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

33. Paragraph 33 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 33.

### As to "Typicality"

34. Paragraph 34 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 34 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

### As to "Adequacy of Representation"

35. Paragraph 35 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 35 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

36. Paragraph 36 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 36 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

### As to "Superiority"

37. Paragraph 37 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 37 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

38. Paragraph 38 contains Plaintiff's characterization of this action, a legal contention to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 38 and further denies that Plaintiff or any putative class is

entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

39. Paragraph 39 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 39 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

40. Paragraph 40 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 40 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

41. Paragraph 41 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 41 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

42. Paragraph 42 asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 42 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief, and further denies that class treatment is appropriate.

### As to "Count 1"

43. Defendant repeats and incorporates by reference its above responses to Paragraphs 1 through 42 of the Complaint. To the extent Paragraph 43 of the Complaint is asserting that there are 52 preceding paragraphs in the Complaint, Defendant denies that assertion because there are only 42 preceding paragraphs.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

The Prayer For Relief, in its entirety, asserts legal conclusions to which no responses are required. To the extent any response is required, Defendant denies any allegations contained in the Prayer. Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof or persuasion upon Plaintiff. In addition, Defendant specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's position in this litigation.

### FIRST AFFIRMATIVE DEFENSE
The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23 in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Fed. R. Civ. P. 23(a) and (b) cannot be met, and individualized fact issues, including but not limited to the provision and revocation of

consent, will predominate over any alleged common issues. Plaintiff's proposed class definitions are overly broad, and Plaintiff cannot prove numerosity, commonality, typicality, predominance, superiority, or manageability.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because neither Plaintiff nor the putative class have suffered an injury in fact or actual damages and therefore lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because the alleged calls were made to Plaintiff and putative class members with Plaintiff's and putative class members' prior express invitation, and/or permission.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, by prior consent, express and implied, granted or authorized to be granted by Plaintiff and putative class members.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, by prior express written consent, granted or authorized to be granted by Plaintiff and putative class members.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because Defendant had an established business relationship with Plaintiff and putative class members, or had a personal relationship with Plaintiff and putative class members.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because they did not register their residential telephone lines on the National Do-Not-Call registry.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because they did not receive telephone solicitations as defined by 47 C.F.R. § 64.1200(f)(15).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because any registration on the National Do-Not-Call registry, no such registrations being admitted, are invalid because they are not residential telephone subscribers, and their telephones are not residential telephone lines, under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages and damages of putative class members, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiff and putative class members, for whom Defendant is not responsible and over whose activities Defendant exercise no control and/or has no right to control.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because no facts support any theory of vicarious liability against Defendant for acts of third parties outside the scope of their actual or apparent authority and neither Plaintiff nor putative class members have conferred any benefit on Defendant that could be deemed a ratification of alleged acts of third parties outside the scope of authority.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, estoppel, and unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable statutory, regulatory, and common law requirements and, accordingly, Plaintiff's claims and claims of putative class members are barred by Defendant's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. § 64.1200.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant engaged in any conduct which may have allegedly violated any provision of the TCPA, such alleged violation was unintentional, accidental, and as a result of bona fide error which occurred notwithstanding the procedures reasonably adapted to avoid such error and ensure Defendant's compliance with all applicable statutory, regulatory, and common law requirements. Additionally, Defendant raises its good faith compliance as a defense to Plaintiff's claims and claims of putative class members for treble damages for alleged willing or knowing violations of the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive or statutory damages against Defendant would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because the TCPA violates the Defendant's First Amendment right to free speech. Specifically, the statutes are an improper content-based restriction on constitutionally protected speech.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members are barred from recovering treble damages because Defendant has not acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

Claims of the putative class members are barred to the extent that they entered agreements to arbitrate all of their claims against Defendant, and they waived their right to bring or participate in a class action for their claims against AHS.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because Plaintiff is a repeat litigant and also is not a proper representative to bring this action on behalf of the putative class.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Court lacks proper venue to hear this action because the events giving rise to the Plaintiff's claims occurred entirely outside of this jurisdiction, and the calls allegedly made to Plaintiff were not made by Defendant.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable as a matter of right.

## PRAYER

WHEREFORE, DEFENDANT prays for the following relief:

A. That judgment on the Complaint, and on each cause of action against Defendant, be entered in favor of Defendant;

B. That this Court finds this suit cannot be maintained as a class action;

C. That Plaintiff and the members of the putative class take nothing by Plaintiff's Complaint;

D. That the requests for injunctive relief be denied; and

E. For such other and/or further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: March 3, 2025

GIBSON, DUNN & CRUTCHER LLP|

By: */s/ Francesca Broggini*
Francesca Broggini, VSB No. 96896
FBroggini@gibsondunn.com

Katherine Maddox Davis, VSB No. 89104
KDavis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: (202) 955-8500
Fax: (202) 467-0539

Timothy W. Loose *(pro hac vice forthcoming)*
TLoose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7746
Fax: (213) 229-6746

*Attorneys for Defendant*
*American Home Shield of Virginia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, a true and correct copy of Defendant AHS's First Amended Answer to Plaintiff's Class Action Complaint was electronically filed with the Court and served via ECF upon all counsel of record.

By: */s/ Francesca Broggini*
Francesca Broggini, VSB No. 96896
FBroggini@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: (202) 955-8500
Fax: (202) 467-0539