IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ANTWANE JOHNSON and CHET MICHAEL WILSON, individually and on behalf of a class of all persons and entities similarly situated, | : Case No. 1:24-cv-02339-AJT-IDD : : : : |
| Plaintiffs, | : : |
| v. | : : |
| AMERICAN HOME SHIELD CORPORATION | : JURY DEMANDED : : : |
| Defendant. | : : |

## FIRST AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiffs bring this action to enforce the consumer-privacy provisions of the TCPA alleging that American Home Shield Corporation ("American Home Shield") made telemarketing calls to numbers on the National Do Not Call Registry, including their own.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Antwane Johnson is an individual.

6. Plaintiff Chet Michael Wilson is an individual.

7. Defendant American Home Shield Corporation is a corporation located in this District.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. The Court has personal jurisdiction over American Home Shield because it resides in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the calls at issue were made from this District.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

16. American Home Shield offers residential warranty services.

17. One of American Home Shield's strategies for marketing their services generating new customers is the sending of telemarketing calls to individuals.

18. Recipients of these calls, including Plaintiffs, did not consent to receive such telephone calls.

Calls to Mr. Johnson

19. Mr. Johnson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Mr. Johnson's cellular phone number, (301) 659-XXXX is on the National Do Not Call Registry since 2012.

21. Mr. Johnson has never provided his written consent to receive telemarketing calls from the Defendant.

22. Despite this, he received telemarketing calls from the Defendant on March 10, 2024 at least five different calls.

23. The calls related to American Home Shield's warranties that consumers purchase.

24. Those warranties provide coverage for home appliances.

25. The privacy of Mr. Johnson and the putative class members was infringed upon because the telemarketing calls were unwanted calls.

Calls to Mr. Wilson

26. Mr. Wilson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

27. Mr. Wilson's cellular phone number, (541) 999-XXXX has been on the National Do Not Call Registry for more than 31 days before he received the calls at issue.

28. Mr. Wilson has never provided his written consent to receive telemarketing calls from the Defendant.

29. Despite this, he received telemarketing calls from the Defendant throughout October 2024.

30. The calls related to American Home Shield's warranties that consumers purchase.

31. Those warranties provide coverage for home appliances.

32. Some of those text messages are below:



 

33.     The privacy of Mr. Wilson and the putative class members was infringed upon because the telemarketing calls were unwanted calls.

**Class Action Statement**

34.     Plaintiffs bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

7

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

35. Defendant and its employees or agents are excluded from the Class. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

36. Plaintiffs bring all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

37. Members of the Class are so numerous that their individual joinder is impracticable.

38. On information and belief, based on the technology used to call Plaintiffs, which is used to make calls *en masse*, Members of the Class number in the thousands.

39. The precise number of Class Members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.

40. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

41. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

42. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

43. The claims of the named Plaintiffs are typical of the claims of the Class because the named Plaintiffs, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

44. Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

45. The interests of Class Members will be fairly and adequately protected by Plaintiffs and his counsel.

### Superiority

46. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

47. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

48. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

49. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

50. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

51. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

52. Plaintiffs repeats and incorporates the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

54. The Defendant's violations were negligent, willful, or knowing.

55. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

56. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry or using an automated dialer in the future;

B.      That the Court enter a judgment awarding Plaintiffs and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury trial as to all claims of the complaint so triable.


Dated: March 24, 2025            PLAINTIFF, on behalf of themselves
                                 and others sim1ilarly situated,


                                 By: */s/ William P. Robinson*
                                 William P. Robinson
                                 Virginia State Bar No. 76098
                                 319 N. Piedmont St., #1
                                 Arlington Virginia 22203
                                 Telephone: (703) 789-4800
                                 wprlegal@gmail.com

                                 Anthony I. Paronich (*admitted pro hac vice*)

11

Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

Case 2:25-cv-02347-MSN-atc   Document 20   Filed 03/24/25   Page 12 of 12
                        PageID 88

12