IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Antwane Johnson** and **Chet Michael Wilson**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**American Home Shield Corporation**,<br><br>　　　　　　Defendant. | No. 1:24-cv-02339-AJT-IDD<br><br>**CLASS ACTION** |

### JOINT STIPULATION TO TRANSFER VENUE

Defendant American Home Shield Corporation and Plaintiffs Antwane Johnson and Chet Michael Wilson (collectively, the "Parties"), by and through counsel, respectfully submit this Joint Stipulation to Transfer Venue.

WHEREAS, Plaintiff Antwane Johnson filed the Complaint in this action against American Home Shield of Virginia, Inc., on December 20, 2024, in the U.S. District Court for the Eastern District of Virginia. ECF 1.

WHEREAS, the Parties have determined that American Home Shield of Virginia, Inc. is not the correct defendant in this action.

WHEREAS, the Parties have determined that American Home Shield Corporation was the intended defendant in this action.

WHEREAS, Plaintiffs Antwane Johnson and Chet Michael Wilson filed a First Amended Complaint in this action against Defendant American Home Shield Corporation on March 24, 2025.

WHEREAS, Defendant American Home Shield Corporation is incorporated in Delaware

*So ordered*
3/26/25
Anthony J. Trenga
Senior United States District Judge

and has its principal place of business in Memphis, Tennessee.

WHEREAS, 28 U.S.C. § 1391(b) governs venue in federal actions, and provides that a civil action may be brought in a judicial district in which: (1) any defendant resides, if all defendants are residents of the State in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which an action may otherwise be brought. 28 U.S.C. § 1391(b).

WHEREAS, 28 U.S.C. § 1404(a) governs the transfer of venue in federal actions, and provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

WHEREAS, given that Defendant American Home Shield Corporation has its principal place of business in Memphis, Tennessee, the Parties have agreed to transfer this action to the U.S. District Court for the Western District of Tennessee.

NOW, THEREFORE, the parties stipulate and agree, subject to approval by the Court, that the above-captioned action should be transferred to the U.S. District Court for the Western District of Tennessee.

Respectfully submitted,

Dated: March 25, 2025

By: /s/ *Francesca Broggini*
Francesca Broggini, VSB No. 96896
FBroggini@gibsondunn.com

Katherine Maddox Davis, VSB No. 89104
KDavis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: (202) 955-8500
Fax: (202) 467-0539

Timothy W. Loose *(admitted pro hac vice)*
TLoose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7746
Fax: (213) 229-6746

*Attorneys for Defendant*
*American Home Shield Corporation*

By: /s/ *William P. Robsinson*
William P. Robinson
Virginia State Bar No. 76098
319 N. Piedmont St., #1
Arlington Virginia 22203
Telephone: (703) 789-4800
wprlegal@gmail.com

Anthony I. Paronich *(admitted pro hac vice)*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiffs, on behalf of themselves and*
*others similarly situated*