*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF TENNESSEE*
*Western Division*
*Office of the Clerk*

*Wendy R. Oliver, Clerk*                                    *Deputy-in-Charge*
*242 Federal Building*                              *U. S. Courthouse, Room 262*
*167 N. Main Street*                               *111 South Highland Avenue*
*Memphis, Tennessee 38103*                          *Jackson, Tennessee 38301*
*(901) 495-1200*                                          *(713) 421-9200*

---

**NOTICE OF SETTING**
**Before Judge Mark S. Norris, United States District Judge**

---

March 27, 2025

        RE:    **2:25-cv-02347-MSN**
               **Antwane Johnson, et al. v. American Home Shield Corporation**

Dear Sir/Madam:

        A **SCHEDULING CONFERENCE** pursuant to Rule 16(b) of the Federal Rules of Civil Procedure has been **SET** on **FRIDAY, MAY 2, 2025 at 9:00 AM** before **Judge Mark S. Norris via Microsoft Teams Video Conference.**

        **If the parties consent to trial by the magistrate, please file your consent and this conference will be cancelled**.

        **Counsel should be prepared to discuss all pending motions.**

        *The Court will send, via email, to each attorney, an invitation for the conference. Parties shall consult the following for instructions on downloading the proper extensions for their computer:

**Joining a Meeting in Teams**

**Joining a Meeting Without a Teams Account**

        **PLEASE REVIEW THE ATTACHED INSTRUCTIONS**.

        If you have any questions, please contact the case manager at the telephone number or email address provided below.

                        Sincerely,
                        WENDY R. OLIVER, CLERK
                        BY: *s/Zandra Frazier*
                        Zandra Frazier, Case Manager
                        901-495-1277
                        zandra_frazier@tnwd.uscourts.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

**CASE MANAGEMENT INSTRUCTIONS – STANDARD CIVIL CASES**

---

Fed.R.Civ.P 26 and Local Rule 16 shall guide the conduct of the parties in their preparation of the case.

I.     <u>SCHEDULING CONFERENCE</u>

A Rule 16 scheduling conference will be conducted by the Court as soon as possible, but no later than within 180 days after the filing of the complaint or within 60 days of the filing of the return of service or waiver of service of the last defendant, whichever is earlier.

II.     <u>ATTENDANCE REQUIRED</u>

The attendance of counsel with significant knowledge of the case and all unrepresented parties is required at the scheduling conference.   Counsel and unrepresented parties must be prepared to address any pending motions as well as motions which may be raised orally at the conference.   Counsel and unrepresented parties must also be prepared to discuss the case in depth and make binding decisions regarding how the case will proceed.

III.     <u>BEFORE THE SCHEDULING CONFERENCE:   MEET AND CONFER</u>

Pursuant to Fed.R.Civ.P 26(f), the parties <u>shall</u>, at least twenty-one (21) days prior to the Rule 16 scheduling conference, meet for discussion and the preparation of a proposed discovery plan that outlines the discovery you need in <u>this</u> case.   The parties shall file with the Court a written report outlining the proposed discovery plan, and a proposed scheduling order using the format of Exhibit "A" to ECF_Judge_Norris@tnwd.uscourts.gov at least **seven (7) days** before the first scheduling conference.   **<u>Please propose appropriate deadlines for the specific case at issue,</u> rather than simply default to the approximated schedule from the form order attached.**   In addition, please see Form 52, Appendix to Fed.R.Civ.P, for a checklist of the items to be discussed at the Rule 26 (f) meeting which should be included in your written report.

IV.     <u>SUBJECTS TO BE DISCUSSED AT SCHEDULING CONFERENCE</u>

Generally, at the scheduling conference, the following subjects will be addressed:

The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

Jurisdictional and statute of limitations issues (if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition); [1]

Setting of all deadlines in the case (see Exhibit "A"), as well as the trial date, pretrial conference and other appropriate deadlines.   The court expects to set a definite trial date for this case which does not conflict with criminal case settings.   The trial date will be consistent with the particular needs of this case and will be no later than eighteen months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting.

The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. ' 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

The possibility of settlement, your position regarding settlement, your proposed deadline to engage in alternative dispute resolution and whether you have reached an agreement on the selection of a mediator;

Status of all document discovery (parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas <u>duces</u> <u>tecum</u> to third parties);

Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

Estimated trial time, and any special issues anticipated in connection with trial; and

Any pending motions or motions which may be raised orally at the conference.

---

[1] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

V.    <u>ORDER TO BE ENTERED</u>

     An order will be entered by the Court following the scheduling conference.   The order will be based on the proposed order submitted by counsel and the discussion at the conference. The dates adopted will be those that meet the needs of the specific case at issue, even if the dates provide for a <u>shorter</u> schedule for the matter.

VI.    <u>SANCTIONS FOR FAILURE TO APPEAR</u>

     Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an <u>ex parte</u> hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                     |   )   |                        |
|---------------------|-------|------------------------|
|                     |   )   |                        |
| Plaintiff,          |   )   |                        |
|                     |   )   |                        |
| vs.                 |   )   | No. _____    |
|                     |   )   |                        |
|                     |   )   |                        |
|                     |   )   |                        |
| Defendant.          |   )   |                        |

---

## MODEL SCHEDULING ORDER FOR ROUTINE CASES

---

Pursuant to written notice, a scheduling conference was held on [date].   Present were

_____, counsel for plaintiff, and _____, counsel for defendant.   At the

conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: _____
(should be made before the Rule 16(b) conference, or as soon as possible thereafter)

**MOTIONS TO JOIN PARTIES**: _____
(within 2 months after conference)

**MOTIONS TO AMEND PLEADINGS**: _____
(within 2 months after conference)

**MOTIONS TO DISMISS**: _____
(within 3 months after conference)

**ALTERNATIVE DISPUTE RESOLUTION:**

      **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**   _____
        (within 12 weeks after the scheduling conference)

        Mediator must file Mediation Certification Form:
        https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

      **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

**MEDIATOR'S NAME:** _____

[insert name of mediator]

**STIPULATION FILING DATE:** _____

(if no mediator has been selected by the parties, within 1 week of scheduling conference)

(If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**: _____

(within 6 to 8 months after conference)

    **(a)   DOCUMENT PRODUCTION AND INTERROGATORIES**: _____

(Same as discovery deadline or at intervals during the discovery period)

    **(b)   DEPOSITIONS AND REQUESTS FOR ADMISSIONS2**: _____

(Same as discovery deadline or at intervals during the discovery period)

    **(c)   EXPERT WITNESS DISCLOSURES (Rule 26)**:

        **(1)   DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION**: _____
(2 months before close of discovery)

        **(2)   DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION**: _____
(1 month before close of discovery)

        **(3)   EXPERT WITNESS DEPOSITIONS**: _____
(by discovery deadline)

---

2      **The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.**

**MOTIONS TO EXCLUDE EXPERTS/<u>DAUBERT</u> MOTIONS:** _____
(within 1 month after close of discovery)

**FILING DISPOSITIVE MOTIONS**: _____
(within 1 month after close of discovery)

**JOINT PROPOSED PRETRIAL ORDER DUE:** _____
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to:
ECF_Judge_Norris@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** _____

**NON/JURY TRIAL:** _____, 20__ at 9:30 a.m.   Trial is anticipated to last
approximately ___ days.

The parties **[do] / [do not]** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek
discovery of electronically stored information ("e-discovery") and [have agreed that e-discovery is
not appropriate in this case and therefore they will not seek e-discovery] / [have reached an
agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the court's
approval] / [have not reached an agreement regarding e-discovery and will comply with the default
standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement
and the court approves the parties' e-discovery plan].

[Pursuant to agreement of the parties, if privileged or protected information is inadvertently
produced, the producing party may, by timely notice, assert the privilege or protection and obtain
the return of the materials without waiver].

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a
notice via ECF confirming that the ADR was conducted and indicating whether it was successful or
unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P.
12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to
the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any
motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.   Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court.   Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the parties.   Absent good cause shown, the deadlines set by this order will not be modified or extended.***

IT IS SO ORDERED this____day of _____, 20___.


_____
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE